IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SMART MODULAR TECHNOLOGIES, INC.,

     Plaintiff,                                No. 2:12-cv-2319-MCE-EFB

     vs.

NETLIST, INC.,

     Defendant.                             <u>ORDER</u>

                                                    /

On October 10, 2012, the court heard on shortened time defendant's motion for leave to conduct expedited discovery, as well as plaintiff's request for reciprocal discovery. Dckt. Nos. 36, 43. Attorney Monte Cooper appeared on behalf of plaintiff and attorney Matt Jacobs appeared on behalf of defendant. As stated on the record and for the reasons stated on the record, both requests were granted in part and denied in part.

On October 12, 2012, plaintiff's counsel filed, as ordered, a proposed order summarizing the court's October 10, 2012 rulings. Dckt. No. 50. According to plaintiff's counsel, the form of the summary order was reviewed and approved by counsel for both plaintiff and defendant. *Id.* at 2; Dckt. No. 50-1. After hearing, and after review of the parties' summary order, the court orders as follows:

////

1. Defendant shall be entitled to depose the following witnesses who provided declarations in support of plaintiff's motion for a preliminary injunction, Dckt. No. 22: Richard J. Ostiller, Professor Nader Bagherzadeh, Ph. D., Michael Rubino, Bryan Heinze, and Shay McGarr. Plaintiff shall make those individuals available for depositions at the earliest possible times beginning on Monday, October 15, 2012, and plaintiff shall endeavor to make each of said witnesses available for deposition the week of October 15, 2012, with a goal that the parties shall make the best efforts to complete depositions of all of said witnesses by October 18, 2012, the date that defendant's opposition to plaintiff's motion for preliminary injunction is currently due. Each deposition shall last no longer than two hours, not including breaks. To the extent any of the witnesses who are deposed are not present in the state of California, the parties nonetheless shall attempt to make the witness(es) available for a deposition via alternate means, such as by videoconference or teleconference, as part of the parties' best efforts to try and complete all depositions by October 18, 2012, if feasible. The parties shall continue to meet and confer in order to schedule each of the depositions.[1]

2. Plaintiff shall use its best efforts to immediately produce all documents responsive to defendant's First Set of Requests for Production of Documents from Plaintiff, Requests 1-8, *see* Dckt. No. 43 at 4, 24-27, and shall attempt to complete production by Friday, October 12, 2012. Plaintiff may file any applicable objections to defendant's First Set of Requests for Production of Documents, and to the extent any claim of privilege is made to any category of documents, shall

---

[1] On Friday, October 12, 2012, plaintiff's counsel notified the court that dates and locations for depositions of each of the five afore-mentioned witnesses had been agreed to by the parties, as follows: (1) Michael Rubino, at 10:00 a.m. PDT, October 16, 2012 in Palo Alto, California; (2) Richard Ostiller, at 1:00 p.m. PDT, October 16, 2012 in Palo Alto, California; (3) Professor Nader Bagherzadeh, Ph.D., at 11:00 a.m. PDT on October 17, 2012 in Irvine, California; (4) Bryan Heinze, October 17, 2012 at 1:00 p.m. PDT, in Palo Alto, California; and (5) Shay McGarr, October 19, 2012, at 1:00 p.m. PDT (3:00 p.m. CDT) in Houston, Texas, although plaintiff's counsel is continuing to attempt to ascertain if Mr. McGarr can be made available for a deposition on October 18 instead of October 19, and further is attempting to ascertain if Mr. McGarr can be present in Palo Alto, California, instead of Houston, Texas, for the deposition. Dckt. No. 51.

be entitled to prepare and serve a privilege log within thirty (30) days of service of the Requests.

3. Defendant's request to depose Rule 30(b)(6) witnesses for third parties International Business Machines Corporation (IBM), Hewlett-Packard Company, and Dell, Inc. on an expedited basis is denied.

4. Defendant shall also use its best efforts to produce documents responsive to plaintiff's First Set of Requests for Documents from defendant, Requests 1-11, *see* Dckt. No. 43 at 8-11, as soon as possible, and shall use its best efforts to complete production by Thursday, October 25, 2012. Defendant may file any applicable objections to plaintiff's First Set of Requests for Documents, and to the extent any claim of privilege is made to any category of documents, shall be entitled to prepare and serve a privilege log within thirty (30) days of service of the Requests.

5. Plaintiff shall use its best efforts to prepare to make available for depositions at the earliest possible times beginning on Monday, October 22, 2012, each of the following individuals: (1) any declarant who submits a declaration in support of defendant's opposition to plaintiff's motion for a preliminary injunction; (2) Dr. Hyun Lee; and (3) Christopher Lopes.[2] Any depositions shall be limited in duration to two hours in total length, not including breaks. To the extent any of the witnesses who are deposed are not present in the state of California, the parties nonetheless shall attempt to make the witness(es) available for a deposition via alternate means, such as by videoconference or teleconference, with a goal that all depositions be completed as far in advance of November 1, 2012 as feasible.

6. As soon as feasible following the filing by defendant of its opposition to plaintiff's motion for preliminary injunction (currently scheduled for October 18, 2012), the parties shall meet and confer to determine if plaintiff believes it is still necessary to take the depositions of

////

////

---

[2] At the October 10, 2012 hearing, plaintiff withdrew its request to conduct a Rule 30(b)(6) deposition of defendant on an expedited basis.

either Mr. Lee or Mr. Lopes.[3]  If the parties are unable to resolve any remaining disagreements concerning whether the depositions of Mr. Lee and/or Mr. Lopes shall occur, this court shall conduct a hearing on the matter on Monday, October 22, 2012 at 9:30 a.m. in Courtroom No. 24. The parties shall file a joint statement regarding the disagreement(s) no later than 5:00 p.m. on Friday, October 19, 2012.  The joint statement shall indicate what efforts were made to meet and confer regarding the dispute.  If no joint statement is filed at or before 5:00 p.m. on Friday, October 19, 2012, the hearing set for October 22, 2012 will be vacated.

7. If the assigned district judge grants defendant's request to continue the hearing on plaintiff's preliminary injunction motion, Dckt. No. 44,[4] the parties shall meet and confer as soon as possible and then file a joint statement indicating whether and how any of the dates and/or deadlines set forth herein should be modified and/or vacated.  The joint statement shall be filed within two days of any order granting the request for a continuance.

8. Each party shall bear its own costs.

SO ORDERED.

DATED: October 12, 2012.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The parties are reminded of the necessity of meeting and conferring in good faith. Failure of any party to do so will be cause for sanctions.

[4] At the October 10, 2012 hearing, defendant's counsel informed the court that no request was being made by any of the parties to continue the October 10, 2012 hearing, and that any apparent reference to such a request in the caption of defendant's Ex Parte Application for an Order Extending Time To Oppose Plaintiff's Motion for Preliminary Injunction and To Continue Hearing Date on Motion to Allow for Expedited Discovery, Dckt. No. 44, was merely a typographical error.

4