1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SMART MODULAR TECHNOLOGIES, INC.,

11                    Plaintiff,                         No. 2:12-cv-2319-MCE-EFB

12            vs.

13    NETLIST, INC.,

14                    Defendant.                         <u>ORDER</u>
      _____/

15

16            On October 12, 2012, the court issued an order granting in part and denying in part

17    defendant's motion for leave to conduct expedited discovery and plaintiff's request for reciprocal

18    discovery.  Dckt. No. 52.  The order set forth a variety of dates and deadlines based on the then-

19    scheduled November 1, 2012 hearing on plaintiff's motion for a preliminary injunction.  It also

20    stated that if the assigned district judge granted defendant's request to continue the hearing on

21    the preliminary injunction motion, the parties were to meet and confer as soon as possible and

22    then file a joint statement indicating whether and how any of the dates and/or deadlines set forth

23    in the October 12 order should be modified and/or vacated.  *Id.*

24            On October 17, 2012, the assigned district judge granted defendant's request for a

25    continuance and continued the hearing on the preliminary injunction hearing to December 13,

26    2012.  Dckt. No. 59.  That order provided that defendant's opposition to the motion will be due

                                                    1

on November 30, 2012, and plaintiff's reply thereto is due on December 6, 2012. *Id.*

On October 19, 2012, the parties filed a joint statement indicating what changes they believe should be made to the October 12 order in light of that continuance. Dckt. No. 63. According to the parties' joint statement, the only issues that they could not agree upon and that required modification of the October 12 order were plaintiff's requested depositions of Dr. Hyun Lee and Christopher Lopes. *Id.* at 2-3.

At the October 10, 2012 hearing and in the subsequent October 12 order, the court provided that plaintiff should use its best efforts to prepare to make available for depositions at the earliest possible times beginning on Monday, October 22, 2012, each of the following individuals: (1) any declarant who submits a declaration in support of defendant's opposition to plaintiff's motion for a preliminary injunction; (2) Dr. Hyun Lee; and (3) Christopher Lopes. Dckt. No. 52 at 3. However, the order also provided that "[a]s soon as feasible following the filing by defendant of its opposition to plaintiff's motion for preliminary injunction (currently scheduled for October 18, 2012), the parties shall meet and confer to determine if plaintiff believes it is still necessary to take the depositions of either Mr. Lee or Mr. Lopes." *Id.* at 3-4. The order provided that if the parties were unable to resolve any remaining disagreements concerning whether the depositions of Dr. Lee and/or Mr. Lopes should occur, the court would conduct a hearing on the matter on Monday, October 22, 2012. *Id.* at 4. On October 17, the undersigned issued a minute order vacating the October 22 hearing in light of the district judge's order continuing the hearing on the preliminary injunction motion. Dckt. No. 60.

The court originally decided to defer issuing a final ruling regarding plaintiff's requests to depose Dr. Lee and Mr. Lopes until after defendant filed its opposition to plaintiff's preliminary injunction motion so that plaintiff could determine if the depositions were really necessary. Defendant now contends that the only changes that the court needs to make to its October 12 order are the dates set forth for meeting and conferring about whether the depositions of Dr. Lee and/or Mr. Lopes are necessary, the date for filing a joint statement regarding that

2

issue, and the date for the hearing thereon, all of which should occur after defendant files its opposition on November 30, 2012 but before plaintiff is required to file its reply on December 6, 2012.  Dckt. No. 63 at 4.  Defendant contends that the depositions should not be permitted at the preliminary injunction phase unless Dr. Lee and Mr. Lopes submit declarations in opposition to the preliminary injunction motion, and therefore no depositions should occur before that opposition is filed.  *Id.*

However, plaintiff requests that it be entitled to depose Dr. Lee and Mr. Lopes prior to the filing of defendant's opposition since "after November 30, [plaintiff] will only have seven days to file a Reply and depose [defendant's] declarants, despite [defendant] having had eight weeks to prepare an opposition."  *Id.* at 2.  Plaintiff also contends that the "depositions are warranted, especially in light of the allegations set forth in [defendant's] recently filed answer and counterclaims, and as further confirmed by the nature of [defendant's] questioning of [plaintiff's] witnesses."  *Id.*  Plaintiff therefore proposes that Lee and Lopes' depositions occur before November 30, and any deponents' depositions occur thereafter.  *Id.*

In light of the schedule set by the assigned district judge when granting defendant's request for a continuance (which gives defendant nearly ten weeks to file an opposition to the preliminary injunction motion and gives plaintiff less than one week to file a reply to that opposition), as well as plaintiff's representations regarding the importance of the testimony of Dr. Lee and Mr. Lopes, the undersigned now finds that plaintiff should be entitled to depose those witnesses on an expedited basis without having to wait for defendant's opposition to be filed.[1]

////

---

[1] However, plaintiff will have only one opportunity to depose Dr. Lee and Mr. Lopes in advance of the preliminary injunction hearing.  Therefore, if plaintiff elects to depose those witnesses prior to defendant's opposition being filed, plaintiff will not be able to depose those individuals again after the opposition is filed.  The parties are also reminded that "[a] person may instruct a deponent not to answer [a question during a deposition] only when necessary to preserve a privilege . . . ."  Fed. R. Civ. P. 30(c)(2).

1    Accordingly, IT IS HEREBY ORDERED that plaintiff is entitled to depose Dr. Hyun

2  Lee and Christopher Lopes on an expedited basis.  Unless plaintiff elects to depose those

3  individuals after defendant files its opposition, defendant shall make those individuals available

4  for deposition sometime before November 30, 2012.  Each deposition shall last no longer than

5  two hours, not including breaks.  To the extent either of the witnesses is not present in the state

6  of California, the parties nonetheless shall attempt to make the witness(es) available for a

7  deposition via alternate means, such as by videoconference or teleconference.  The parties shall

8  meet and confer in order to schedule each of the depositions.

9    SO ORDERED.

10  DATED:  October 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4