IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SMART MODULAR
TECHNOLOGIES, INC.,

     Plaintiff,                         No. 2:12-cv-2319-MCE-EFB

     vs.

NETLIST, INC.,

     Defendant.                      <u>ORDER</u>

       /

     On January 23, 2013, plaintiff filed a motion to compel defendant to produce responses to plaintiff's first and second sets of requests for production of documents. Dckt. No. 115. According to plaintiff, defendant has improperly refused to respond to the discovery requests because defendant has moved to stay this action and therefore contends that discovery should be stayed in the meantime. *Id.* Also on January 23, 2013, defendant filed a motion for a protective order, reiterating its position that discovery should be halted until the court can rule on its motion to stay. Dckt. No. 116. Both motions are noticed for hearing on February 13, 2013. Accordingly, on February 6, 2013, the parties filed a joint statement regarding the disputes. Dckt. No. 119.

////

////

1

Defendant's motion to stay this action is scheduled to be heard before the assigned district judge on February 21, 2013.[1]  Dckt. Nos. 107, 113.  Because it appears that the district judge's ruling on the motion to stay will likely resolve many of the issues set forth in the two pending discovery motions and because the hearing on the motion to stay is only *eight days* after the hearing on those discovery motions,[2] both of the pending discovery motions, Dckt. Nos. 115 and 116, are denied without prejudice and the February 13, 2013 hearing thereon is vacated.  If the court's ruling on the motion to stay and the subsequent meet and confer process between the parties (as required by Local Rule 251(b) and Federal Rule of Civil Procedure 37(a)(1)) do not resolve the issues set forth in one or both of the discovery motions, those motions may be re-noticed in accordance with Local Rule 251.

SO ORDERED.

DATED: February 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion for a preliminary injunction and motion to dismiss/strike will also be heard on February 21, 2013.  Dckt. Nos. 22, 66, 95.

[2] Although plaintiff argues that the discovery it seeks to compel could be cited in its reply brief in support of the preliminary injunction motion, which is due on February 14, or at the February 21 hearing thereon, *see* Dckt. No. 119 at 7, even if the court were to grant the motion to compel at the February 13 hearing, the court would provide defendant a reasonable time within which to produce that discovery.  Accordingly, any discovery compelled at a February 13 hearing would not be produced in time for plaintiff to use it in plaintiff's February 14 reply brief or at the February 21 hearing.  If plaintiff needed defendant's discovery responses for those purposes, plaintiff could have filed its motion to compel earlier or could have sought to have the motion heard on shortened time, especially since plaintiff has been aware since at least December 19, 2012 that defendant believed discovery should be stayed in this action pending the court's ruling on its motion to stay.  *See* Dckt. No. 111.  Moreover, the court notes that the motion for a preliminary injunction was originally scheduled to be heard on November 1, 2012; therefore, any reply in support of that motion would have originally been required to be filed in October 2012. Absent the court's continuances of the hearing on the preliminary injunction motion, plaintiff certainly could not have expected to use the discovery it now seeks in February 2013 in connection with that motion.

2