1

2

3                    IN THE UNITED STATES DISTRICT COURT

4              FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

5

6   SMART MODULAR TECHNOLOGIES, INC.,

7                         Plaintiff,                No. 2:12-cv-02319-TLN-EFB

8         vs.

9   NETLIST, INC.,

10                        Defendant.                ORDER

11   _____/

12

13         This matter is before the court pursuant to Plaintiff Smart Modular Inc.'s ("Plaintiff")

14   Motion for Preliminary Injunction (ECF No. 22) and Defendant Netlist, Inc.'s ("Defendant")

15   Motion to Stay (ECF No. 107).   For the reasons below, the court GRANTS Defendant's

16   Motion to Stay and DENIES Plaintiff's Motion for Preliminary Injunction.[1]

17

18   I.      FACTUAL AND PROCEDURAL BACKGROUND

19         Plaintiff is the assignee and owner of all rights, title and interest in U.S. Patent Number

20   8,250,295 ("the '295 Patent") entitled "Multi-Rank Memory Module That Emulates A Memory

21   Module Having A Different Number of Ranks." (ECF No. 1 at 7.)  The '295 Patent was issued

22   on August 21, 2012, by the United States Patent and Trademark Office ("PTO").   The Patent

23   involves a memory module with rank multiplication capability, which enables a memory

24   module to provide a given memory capacity using greater numbers of lower-capacity, lower-

25

26   _____

27   [1]      Because oral argument will not be of material assistance, the court ordered that this
   matter be submitted on the briefs, pursuant to Local Rule 230(g).  (Minute Order, ECF No.
28   145.)

cost Dynamic Random Access Memory ("DRAM") devices, as opposed to using lower numbers of higher-capacity, higher-cost DRAM devices that would otherwise be imposed by memory controller limitations.  (*See* Pl.'s Compl., ECF No. 1.)  The '295 Patent is composed of eight claims.  (ECF No. 1 at 7.)  Plaintiff alleges that Defendant's Hypercloud memory module products infringe at least one of the '295 Patent's 1-7 claims.  (ECF No. 22 at 6.)  Infringement of at least one of the claims means that the entire patent is being infringed.  Thus, Plaintiff alleges that Defendant is infringing upon Plaintiff's exclusive right to exclude others from making, using, offering to sell, and selling articles covered by the '295 Patent.  Defendant brought counterclaims alleging that the '295 Patent is invalid.  (*See* Def.'s Answer and Countercl., ECF No. 49.)   On September 15, Defendant filed a reexamination request with the PTO proposing that claims 1-7 of the '295 Patent be rejected based on six different combinations of prior art.  (ECF No. 107.)   On September 21, 2012, Plaintiff filed a Motion for Preliminary Injunction alleging that Defendant's infringement is causing Plaintiff irreparable harm.  (ECF No. 22.)  On December 7, 2012, the PTO granted Defendant's request and ordered reexamination.   (Transmittal of Communication to Third Party Requester Inter Partes Reexamination, ECF No. 107-2.)  Additionally, the PTO issued a concurrent Office Action rejecting claims 1-7 of the '295 Patent.  (PTO Office Action, ECF No. 107-3.)  On December 13, 2012, Defendant filed a Motion to Stay Pending Patent Reexamination.  (ECF No. 107.)

II.    STANDARD

       "Staying a lawsuit without considering the merits of a preliminary injunction motion may effectively deny a party its right to petition for preliminary relief."  *Mailblocks, Inc. v.*

*Spam Arrest, LLC*, No. CV03-0077, 2003 WL 23325432, at *3 (W.D. Wash. June 9, 2003); *see also Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) (noting that the district court ordinarily should not grant both a preliminary injunction and a stay). Thus, the merits of both the Motion for Preliminary Injunction and the Motion to Stay must be addressed simultaneously.

### A. Preliminary Injunction Standard

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *W. Watersheds Project v. Salazar*, 692 F.3d 921, 923 (9th Cir. 2012) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). All four factors must be met, however, they operate on a sliding scale. "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Id.* at 1135.

### B. Motion to Stay Standard

When patentability is at issue, 35 U.S.C. § 318 allows a party to request a stay of litigation upon an order of inter partes reexamination of the patent. *See Procter & Gamble*, 549 F.3d at 848. "Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO. H.R. Rep. No. 1307, 96th Cong., 2d Sess., pt. 7 at 4 (1980), reprinted in 1980 U.S.C.C.A.N. 6460. Patent validity is a commonly

asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002).   Thus, courts have the authority to order a stay pending conclusion of a PTO reexamination.   *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426−27 (Fed. Cir. 1988); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254−55 (1936) (holding that "a court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants").   "While courts are not required to stay judicial proceedings pending reexamination of a patent, a stay for purposes of reexamination is within the district court's discretion." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2007); *see also Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 936 (Fed. Cir. 2003) (holding that a stay of proceedings in the district court pending the outcome of the parallel proceedings in the PTO remains an option within the district court's discretion).

Some courts have noted that there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).   Other courts have recognized that a stay pending reexamination must be approached with caution because it can prolong the proceeding without achieving sufficient benefits. *See Eakin Enters. v. Specialty Sales LLC*, Civ. No. 11-02008 LJO SKO, 2012 WL 2445154, at *10 (E.D. Cal. June 26, 2012).   "In determining whether to stay [a] case pending reexamination, the [c]ourt considers the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly

prejudice or present a clear tactical disadvantage to the nonmoving party." *Telemac*, 450 F. Supp. 2d at 1110 (citations omitted).

III.   ANALYSIS

**A.  Motion for Preliminary Injunction**

"A preliminary injunction is a 'drastic and extraordinary remedy that is not to be routinely granted.'" *National Steel Car, Ltd. v. Canadian P. Ry., Ltd.*, 357 F.3d 1319, 1324 (Fed .Cir. 2004) (quoting *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993)).  Plaintiff argues that it is entitled to a preliminary injunction enjoining Defendant from infringing the '295 Patent and in particular enjoining Defendant from selling its HyperCloud product.  (ECF  No. 22.)  Plaintiff asserts that it more than meets its burden because (1) testimony from Defendant's officers make it likely Plaintiff will prevail on infringement; (2) Plaintiff's loss of current and future business opportunities to Defendant's infringing HyperCloud product has caused Plaintiff irreparable harm; and  (3) Plaintiff's strong showing on infringement and irreparable harm, so the public interest supports an injunction.  (ECF No. 22.)

Plaintiff contends that it is likely to succeed on the merits.  In support, it has presented evidence that Defendant's products utilize rank multiplication and thus infringe the '295 Patent. (ECF No. 22; Ex. 1 to Decl. of Stacy E. Don, ECF No. 22-19; Ex. 2B to Decl. of Stacy E. Don, ECF No. 22-21.)  Plaintiff's assertions assume that the '295 Patent is valid.  However, the PTO has ordered reexamination and concurrently issued an Office Action formally rejecting claims 1-7 of the '295 Patent.   In ordering reexamination, the Examiner reviewed the original examination history and noted that claims 1-7 of the '295 Patent were allowed based upon an

alleged point of novelty of the two devices receiving certain signals.  (ECF No. 107-2 at 5.)
After reviewing prior art, provided by Defendant, the Examiner determined that Defendant had
demonstrated a reasonable likelihood of prevailing in its proposed rejection of claims 1−7.
(ECF No. 107-2 at 3.)

   Although a patent is presumed valid during the reexamination period, a preliminary
injunction is an extraordinary remedy and requires Plaintiff to show a likelihood of success on
the merits.  Because the validity of the '295 Patent is at issue, Plaintiff cannot meet this burden.
The Federal Circuit has held that a preliminary injunction is not appropriate where there is a
substantial issue of patent viability.  *See Procter & Gamble*, 549 F.3d at 849; *Amazon.com v.
Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350−51 (Fed. Cir. 2001); *Genentech, Inc. v. Novo
Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).  Moreover, because the validity of the '295
Patent is at issue, Plaintiff is also unable to show that the balance of equities tips in its favor or
that an injunction is in the public interest.  As such, Plaintiff cannot meet its burden and its
Motion for Preliminary Injunction (ECF No. 22) is denied.

### B.  Motion to Stay Litigation

   In response to the PTO's reexamination, Defendant moves this Court to stay litigation
pending its decision.  In granting Defendant's request, the Court considered whether: (1)
discovery is complete and whether a trial date has been set; (2) a stay will simplify the issues in
question and trial of the case; and (3) a stay would unduly prejudice or present a clear tactical
disadvantage to the nonmoving party.  *Telemac*, 450 F. Supp. 2d at 1110.  The Court finds that
each of these factors weighs in favor of granting Defendant's motion and will address each
factor in turn.

6

First, the Court notes requests for reexamination made later in the litigation are more likely to represent a tactical move for delay.  *See Avago Techs. Fiber IP (Singapore) PTE. Ltd. v. Iptronics Inc.*, No. 10–CV–02863–EJD, 2011 WL 3267768, at \*4 (N.D. Cal. Sept. 11, 2012).  Plaintiff first filed this case on September 10, 2012.  Defendant filed for reexamination within one week of Plaintiff's filing.  Furthermore, although some discovery has taken place, it has been mostly restricted to Plaintiff's Motion for Preliminary Injunction and Motion to Dismiss.  Thus, this factor weighs in favor of granting the stay because the parties have not completed discovery, and a trial date has not been set.  *See AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time ... invested" in the litigation weighed in favor of staying the litigation); *ASCII Corp.*, 844 F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial).

Second, the Court finds that a stay will simplify the issues in question and trial of this case.  All of Plaintiff's infringement allegations involve claims 1-7 of the '295 Patent.  In response to Plaintiff's claims, Defendant alleges that the '295 Patent is invalid.  The primary purpose of the reexamination procedure is to "eliminate trial of [the] issue [patentability] or to facilitate trial of that issue by providing the district court with the expert view of the [USPTO] (when a claim survives the reexamination proceeding)."  *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983); *see also ASCII Corp.*, 844 F. Supp. at 1380.  "Inter partes reexaminations—unlike ex parte reexaminations—are guaranteed to finally resolve at least some issues of validity because the requesting party is barred from seeking district court review

7

on any grounds that it could have raised in the reexamination.  35 U.S.C. § 315(c)."  *Avago*, 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).  Thus, the Court finds that "[w]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."  *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *3 (N.D. Cal. Oct. 5, 2011) (quoting *Target Therapeutics*, 33 U.S.P.Q.2d at 2023; *see also Gould*, 705 F.2d at 1342; *Pegasus Devel. Corp. v. Direct TV, Inc.*, No. Civ. A. 00–1020–GMS, 2003 WL 21105073, at *1–2 (D. Del. May 14, 2003) (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid).  As such, this factor also weighs in favor of granting Defendant's motion.

Finally, the Court finds that Plaintiff is unlikely to be prejudiced by staying this case.  Plaintiff contends that a stay will permit Defendant to "continue to infringe [Plaintiff's] patent and gain market share by using [Plaintiff's] patented technology for three years or more during the reexamination proceedings.  If [Plaintiff] is forced to wait three to five years to obtain injunctive relief, the harm will be irreparable."  (ECF No. 22 at 11.)  The Court does not find Plaintiff's argument persuasive for two reasons.  First, even if the Court did not stay this case, Defendant would not be enjoined from continuing to conduct business during litigation because a preliminary injunction is not appropriate due to the fact that the '295 Patent's viability is at issue.  *See Procter & Gamble*, 549 F.3d at 849; *Amazon.com*, 239 F.3d at 1350−51; *Genentech, Inc.*, 108 F.3d at 1364.  Second, the Court finds Plaintiff's argument concerning time frame to

be meritless.  "Delay by itself does not necessarily constitute undue prejudice, as nearly every judicial stay involves delay."  *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C10-04645 RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012); *see, e.g., Telemac*, Inc., 450 F. Supp. 2d at 1111 ("[T]he likely length of reexamination is not, in itself, evidence of undue prejudice . . .").  Moreover, pursuant to the Leahy-Smith America Invents Act, "the final determination in an inter partes review [must] be issued not later than 1 year after the date on which the Director notices the institution of a review  . . . except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months."  35 U.S.C. § 316 (West).  As such, the Court finds that Plaintiff's concerns that reexamination will cause a three to five year delay to be unwarranted.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Plaintiff cannot meet its burden of showing a likelihood of success, and thus **Plaintiff's Motion for a Preliminary Injunction (ECF No. 22)** is hereby **DENIED**.  Furthermore, the Court finds that the stage of litigation, the lack of undue prejudice to Plaintiff, and a likelihood that reexamination of the patent will simplify the issues in question and trial of this case weigh in favor of granting Defendant's Motion for Stay.  Thus, Defendant's **Motion to Stay (ECF No. 107)** is hereby **GRANTED**.

IT IS SO ORDERED in Chambers at Sacramento, California, this 30th day of May, 2013.

Troy L. Nunley
United States District Judge