1

2

3

4

5

6

7                         IN THE UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   SMART MODULAR TECHNOLOGIES,            No.  2:12-cv-02319-TLN-EFB
     INC.,

11                    Plaintiff,            **ORDER**

12            v.

13   NETLIST, INC.,

14                    Defendant.

15

16

17          This matter is before this Court pursuant to Plaintiff Smart Modular Inc.'s ("Plaintiff")

18   Motion to Lift Stay.  (ECF No. 165.)  Defendant Netlist, Inc., ("Defendant") has filed an

19   opposition (ECF No. 167), and Plaintiff has replied (ECF No. 171).  Having read and carefully

20   considered the papers filed in connection with this matter, the court GRANTS Plaintiff's Motion

21   to Lift Stay.

22   **I.      FACTUAL AND PROCEDURAL BACKGROUND**

23          Plaintiff is the assignee and owner of all rights, title and interest in U.S. Patent Number

24   8,250,295 ("the '295 Patent") entitled "Multi-Rank Memory Module That Emulates A Memory

25   Module Having A Different Number of Ranks."  (ECF No. 1 at 7.)  The '295 Patent was issued

26   on August 21, 2012, by the United States Patent and Trademark Office ("PTO").  The Patent

27   involves a memory module with rank multiplication capability.  It enables a memory module to

28   provide a given memory capacity using greater numbers of lower-capacity, lower-cost Dynamic

1

1   Random Access Memory ("DRAM") devices, as opposed to using lower numbers of higher-

2   capacity, higher-cost-DRAM devices that would otherwise be imposed by memory controller

3   limitations. (*See* Pl.'s Compl., ECF No. 1.)  The '295 Patent is composed of eight claims.  (ECF

4   No. 1 at 7.)  Plaintiff alleges that Defendant's Hypercloud memory module products infringe at

5   least one of the '295 Patent's 1–7 claims. (ECF No. 22 at 6.)  Infringement of at least one of the

6   claims means that the entire patent is being infringed.  Thus, Plaintiff alleges that Defendant is

7   infringing upon Plaintiff's exclusive right to exclude others from making, using, offering to sell,

8   and selling articles covered by the '295 Patent.  Defendant brought counterclaims alleging that the

9   '295 Patent is invalid. (*See* Def.'s Answer and Countercl., ECF No. 49.)

10          On September 15, 2012, Defendant filed an *inter partes* reexamination ("IPR") request

11   with the PTO proposing that claims 1–7 of the '295 Patent be rejected on six different

12   combinations of prior art.  (ECF No. 107.)  On December 7, 2012, the PTO granted Defendant's

13   request and ordered reexamination.  (Transmittal of Communication to Third Party Requester

14   Inter Partes Reexamination, ECF No. 107-3.)

15          On December 13, 2012, Defendant filed a Motion to Stay Pending Patent Reexamination.

16   (ECF No. 107.)  On May 30, 2013, the Court ordered the case stayed.  (ECF No. 154.)  In its stay

17   order, the Court noted that: (1) the litigation was in its early stages; (2) the PTO proceedings

18   would simplify issues for trial; and (3) Plaintiff would not be unduly prejudiced by the stay.

19   (ECF No. 154.)  Thereafter, on April 29, 2014, the PTO examiner issued an Action Closing

20   Prosecution ("ACP") upholding the patentability of all seven challenged claims.  (ECF No. 165.)

21   On August 4, 2015, the PTO examiner issued a Right of Appeal Notice ("RAN") concluding the

22   reexamination and allowing Defendant to appeal to the Patent Trial and Appeal Board ("PTAB").

23   (ECF No. 165.)

24          On November 4, 2015, Defendant filed its opening appellate brief.  (ECF No. 165.)

25   Shortly thereafter, on February 25, 2016, the PTO examiner issued an answer to Defendant's brief

26   in which the examiner incorporated the RAN and determined that there were no new grounds to

27   reject the claims of the '295 Patent.  (ECF No. 165.)  On May 5, 2016, Plaintiff filed a Motion to

28   Lift Stay.  (ECF No. 165.)

## II.   STANDARD

When an IPR request is pending or granted, a court has the discretion to stay the underlying lawsuit.  *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-1427 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.").  The same court that grants a stay pending IPR may also later "abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." *Canady v. Erbe Elektromedizin GmbH,* 271 F. Supp. 2d 64, 75 (D.D.C. 2002).

When determining whether to either impose a stay or lift an already-imposed stay pending IPR, the court considers the same three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  *Telemac Corp. v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2007).  Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.  *Leya v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863–64 (9th Cir. 1979).

## III.   ANALYSIS

Plaintiff moves this Court to lift the stay prior to the resolution of Defendant's appeal with the PTAB.  The basis for Plaintiff's request is that, in light of the PTO's final decision affirming the validity of the asserted claims, the factors set forth above weigh in favor of lifting the stay.  In granting Plaintiff's request, the Court considered whether: (1) discovery was complete and whether a trial date had been set; (2) a stay would simplify the issues in question and trial of the case; and (3) a stay unduly prejudiced or presented a clear tactical disadvantage to the nonmoving party. *Telemac,* 450 F. Supp. 2d at 1111.  The Court finds that on balance, the factors weigh in favor of granting Plaintiff's motion and addresses each factor below.

//

//

3

1    A. <u>Whether Discovery Is Complete and Whether a Trial Date Has Been Set</u>

2         First, the Court notes that neither Plaintiff nor Defendant disputes the early status of this

3    case, which has not changed due to the stay.  As the Court noted when entering the stay, "while

4    some discovery has taken place, it has been mostly restricted to Plaintiff's Motion for Preliminary

5    Injunction and Motion to Dismiss [Defendant's counterclaim]." (ECF No. 154.)  Thus, this factor

6    would typically weigh against lifting a stay because the parties have not completed discovery, and

7    a trial date has not been set.  *See AT&T Intellectual Prop. I v. Tivo, Inc.,* 774 F. Supp. 2d 1049,

8    1052 (N.D. Cal. 2011); *Target Therapeutics, Inc. v. SciMed Life Sys.*, *Inc.*, 33 U.S.P.Q.2d 2022,

9    2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial

10   expense and time … invested" in the litigation weighed in favor of staying the litigation); *ASCII*

11   *Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  Nevertheless, in light

12   of Defendant's appeal to the PTAB and the further delay in litigation proceedings, the Court is

13   not convinced that this factor weighs in favor of lifting the stay.

14        This matter has already been stayed for three years.  During this time Plaintiff has been

15   unable to seek recourse for the alleged violations of its patent.  Defendant contends that a further

16   stay would not be prejudicial to Plaintiff because no IPR appeal proceeding has extended past 15

17   months. (ECF No. 167 at 9.) Therefore, Defendant would have us stay this matter for another

18   year and a half.  However, as Defendant concedes, any final decision rendered by the PTAB

19   could subsequently be appealed to the Federal Circuit.  (*Id.*)  Recent data suggests the current

20   average disposition time for an appeal to the Federal Circuit is about eleven months.  *See Median*

21   *Time to Disposition in Cases Terminated After Hearing or Submission,* available at

22   http://www.cafc.uscourts.gov/the-court/statistics (last verified October 15, 2015).  Thus, in all

23   likelihood a stay would delay this matter for at least another year and a half if not two and a half

24   years.

25        In the meantime, important events such as discovery deadlines, submitting of motions,

26   hearings, trial, etc., cannot occur.  In contrast, lifting the stay allows the action to advance, and

27   should a decision be rendered by the PTAB that affects this case, appropriate adjustments could

28   then be made.  *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed.

4

Cir. 2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets.")  Thus, while the case is still in its infancy, the Court finds this factor to be neutral.

B.  Whether the Stay Will Further Simplify the Issues

Second, the Court finds that a continued stay will not further simplify the issues in question and trial of this case.  "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).  Here, the PTO concluded its IPR of the '295 Patent and confirmed all seven asserted claims.  (ECF No. 165 at 1.)  Additionally, the PTO not only issued a RAN confirming claims 1–7 of the patent, but the PTO examiner also issued an answer to Defendant's appellate brief, further affirming the validity of the '295 patent.  (*Id.*)

The termination of the IPR has eliminated the likelihood that a stay will simplify the issues subject to litigation in this action.  That Defendant has already filed its appellate brief and is awaiting the final decision to be rendered by the PTAB does not alter this conclusion because Defendant has not shown that the appeal will result in a reversal of the PTO examiner's decision.  The Court reiterates that the PTO's expert review of the '295 Patent has already streamlined the issues in this case by confirming the validity of the patent.  (ECF No. 165 at 2.)  Moreover, the Court notes that the PTAB affirms the PTO examiner's decision in whole or in part in over 80% of appeals proceedings.  (ECF No. 165 at 2.)  Given the likelihood that Plaintiff will neither be forced to amend nor cancel all seven asserted claims, lifting the stay will not cause the Court to unnecessarily expend resources over issues that will be rendered moot by the PTAB's findings.  As such, it is almost certain that the appeals proceedings will not substantially streamline this case any further.  Thus, this factor militates in favor of lifting the stay.

C.  Whether the Stay Will Unduly Prejudice Plaintiff

Finally, the Court finds that Plaintiff will be unduly prejudiced by continuing the stay.  "[U]nlike patent infringement actions involving non-practicing entities, infringement among

5

competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Avago Techs. Fiber IP (Singapore) Pte. Ltd. V. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal., July 28, 2011) (citing *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327–28 (Fed. Cir. 2008). "Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude." *Id.* (citing *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009)). As this Court previously observed, "delay by itself does not necessarily constitute undue prejudice, as nearly every judicial stay involves delay." (ECF No. 154 at 9) (citing *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C10-04645RS, 2012 WL 761692, at 3 (N.D. Cal. Mar. 8, 2012). However, even if such already-occurred delay is not given any weight in this analysis, the additional delay that would be incurred by continuing the stay pending exhaustion of appeals is significant. The additional delay could easily double the timeframe within which the PTAB and/or Federal Circuit is required to issue a final decision. Moreover, the Court did not condition the Order to any exhaustion of appeals requirement. Rather, Defendant moved for a stay so that the "parties can avoid litigating complicated motions and a claim construction hearing over patent claims that are unlikely to exist in the same form, if at all, at the conclusion of the reexamination hearings." (ECF No. 107 at 2.) Now that the PTO examiner issued its final decision upholding the patentability of all seven asserted claims, both parties no longer have to litigate the validity of the '295 Patent.

More importantly, the Court notes that Plaintiff's Motion for Preliminary Injunction was denied primarily because of issues concerning the validity of the '295 Patent. (ECF No. 154 at 6.) Thus, maintaining the stay, despite the PTO's final decision affirming the patent's validity, would cause undue prejudice to Plaintiff. The Court agrees that "any undue delay in enjoining infringing conduct could cause [Plaintiff] to miss its window for financially capitalizing on its own patented technology." (ECF No. 165 at 10.) Because the validity of the '295 Patent is no longer at issue, Plaintiff would be unduly prejudiced by maintaining the stay until all appeals have been exhausted. As such, this factor also heavily weighs in favor of lifting the stay.

**IV.**   <span style="font-variant:small-caps">Conclusion</span>

For the foregoing reasons, the Court finds that the factors, on balance, weigh in favor of granting Plaintiff's Motion to Lift Stay.  Defendant's appeal to the PTAB is unlikely to further streamline issues in this case, and the continuation of the stay unduly prejudices Plaintiff.  Thus, Plaintiff's Motion to Lift Stay (ECF No. 165) is hereby **GRANTED.**

IT IS SO ORDERED.

Dated: September 20, 2016

Troy L. Nunley
United States District Judge

7